**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **COBY STEWART ET AL** | **CASE NO.  2:26-CV-01140** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **AMERICAN AIRLINES INC. ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### MEMORANDUM RULING AND ORDER

Plaintiffs Coby Stewart and Emily Stewart, individually and on behalf of their minor children J.D., D.S., T.S. and A.S., filed the instant suit against Defendants American Airlines, Inc. ("American") and Skywest Airlines, Inc., doing business as American Eagle ("Skywest"), in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana on February 27, 2026.  [Doc. 1-1].  Plaintiffs asserted claims for breach of contract, discrimination based on disability, and intentional infliction of emotional distress.  [*Id.*].  American timely removed Plaintiffs' suit to the Western District of Louisiana, invoking the Court's diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  [Doc. 1].

On May 1, 2026, American filed a MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E) [Doc. 12] and MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) [Doc. 13].  On May 8, 2026, Skywest filed a MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(E) [Doc. 18] and a MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) [Doc. 19].  The Rule 12(b)(6) motions sought dismissal of Plaintiffs' claims for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and for intentional infliction of emotional distress under Louisiana law.

Plaintiffs filed a FIRST AMENDED COMPLAINT [Doc. 28] and MEMORANDUM IN OPPOSITION to Defendants' pending motions [Doc. 29] on May 21, 2026. The First Amended Complaint included claims under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, *et seq.*, as well as for breach of contract and intentional infliction of emotional distress. [Doc. 28]. Notably, it omitted prior claims under the ADA. [*Id.*].

Recognizing that the filing of Plaintiffs' First Amended Complaint effectively mooted their prior motions, American filed a renewed MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) seeking dismissal of Plaintiffs' ACAA and intentional infliction of emotional distress claims. [Doc. 33]. Plaintiff opposed American's motion and filed a MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT. [Doc. 41]. As explained in Plaintiffs' opposition, Plaintiffs' proposed SECOND AMENDED COMPLAINT omits prior claims under the ACAA, but includes intentional infliction of emotional distress and breach of contract claims. [Doc. 38 at p. 1]. Skywest filed a MOTION TO JOIN IN AND ADOPT AMERICAN'S MOTION TO DISMISS AND REPLY [Doc. 43] and a MOTION TO JOIN IN AND ADOPT RECORD DOCUMENT [44] (referring to American's brief opposing Plaintiffs' request for leave to file their SECOND AMENDED COMPLAINT) [Doc. 45].

Where, as here, no scheduling order has been issued setting a deadline for the amendment of pleadings, leave to amend a complaint is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 permits parties to amend "once as a matter of course" within prescribed deadlines or, "with the opposing party's consent or the court's leave" thereafter. Fed. R. Civ. P. 15(a)(1), (2). Where a party seeks leave to amend pursuant to Rule 15(a)(2), courts must "freely give leave when justice so requires." This language recognizes a bias in favor of amendment, but does not render leave to amend "automatic." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). Generally, courts considering whether to grant leave to amend should examine the following

2

factors: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal citations omitted). "Absent any of these factors, the leave sought should be 'freely given.'" *Id.*

Considering the foregoing, this Court finds that Plaintiffs' MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT [Doc. 41] should be granted. Defendants' analysis of factors pertaining to leave to amend is well taken but fails to acknowledge that, in this instance, Plaintiffs' first and proposed second amendments remove two of the three claims Defendants characterized as deficient, essentially conceding to their dismissal as sought by Defendants' various Rule 12 motions. Thus, any prejudice to Defendants owing to Plaintiffs' proposed amendment is, at best, *de minimis* and this amendment is not properly characterized as futile. Moreover, jurisprudence establishes that a plaintiff is the "master of the complaint" and will not be forced to prosecute any claim before this district court. *Royal Canin v. Wullschleger*, 604 U.S. 22, 35 (2025) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). Additionally, this Court notes that no scheduling order is yet issued in this case, largely due to the filing of dispositive motions. Thus, Plaintiffs' amendments are not the sole source of any delay in moving this case forward. Having determined that Plaintiffs' proposed second amendment is not the product of undue delay or bad faith, does not result in undue prejudice to Defendants, and is not futile, leave to amend should be granted pursuant to Rule 15(a)'s lenient standard. Accordingly, it is hereby

ORDERED that Plaintiffs' MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT [Doc. 41] is GRANTED. The Clerk of Court is directed to file Plaintiffs' proposed Second Amended Complaint into the record of the case. It is, therefore, further

ORDERED that all other pending motions [Docs. 12, 13, 18, 19, 33, 43, and 45] are now MOOT. Defendants may re-urge dismissal as to any portion of Plaintiffs' claims and may incorporate by reference any prior brief filed in the record of this case.

SO ORDERED this 29th day of July, 2026 at Lafayette, Louisiana.

_____

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE